IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher J. Foggie, | ) | Case No. 6:24-cv-04791-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Contract Lumber, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' motion to dismiss. ECF No. 6. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On December 12, 2024, the Magistrate Judge issued a Report recommending that Defendant's motion be granted. ECF No. 12. Plaintiff filed objections, and Defendant filed a reply. ECF Nos. 13, 17. Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Upon review, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Plaintiff brings a claim for workers' compensation retaliation in violated of S.C. Code Ann. § 41-1-80.  The Magistrate Judge recommends dismissal because the complaint was initially filed outside the applicable statute of limitations.  In his objections, Plaintiff argues that he sufficiently stated a claim upon which relief can be granted, his claim did not accrue until he was released by his treating physician, and the question of whether he complied with the relevant statute of limitations is premature.  ECF No. 13. Because Plaintiff filed objections, the Court's review has been de novo.

As to the first objection, the Magistrate Judge did not reach whether Plaintiff pled sufficient facts to state a claim for relief.  Plaintiff states that "the Magistrate Judge's reliance on the statute of limitations from May 8, 2023 is misplaced because he failed to consider when the cause of action arose in the instant case considering the circumstances here."  ECF No. 13 at 3.  This argument seems to go to Plaintiff's main argument, more thoroughly addressed elsewhere, that the accrual date is fact specific.

2

To the extent that Plaintiff alleges the Magistrate Judge erred by failing to determine that he has sufficiently pled facts in support of his claim, that objection is overruled because the Magistrate Judge was not required to reach this issue.

Plaintiff next asserts that the Magistrate Judge erred in finding that the accrual date for his claim was May 8, 2023—the date he was terminated from his employment. Plaintiff maintains that his cause of action accrued on June 4, 2023—the date he was released to return to work and his damages began accruing. Plaintiff contends that the discovery rule applies to toll the statute of limitations until the injury and its cause become apparent. Plaintiff asserts that his case would have been subject to dismissal prior to his release to work because he would not have been able to establish compensable damages. Finally, he contends that the Magistrate Judge relied on distinguishable caselaw.

Briefly, the South Carolina legislature has set the statute of limitations for a claim for workers' compensation retaliation at one year. S.C. Code Ann. § 41-1-80. As noted by the Honorable Joseph F. Anderson, Jr., Senior United States District Judge, the statute of limitations for this claim "begins to run at the time of the retaliatory act, determined to be the date the employee alleges the defendant retaliated by terminating his or her employment." *Miller v. Wal-Mart Associates, Inc.*, C/A 5:22-cv-00803-JFA, 2022 WL 1120319, at *2 (D.S.C. Apr. 14, 2022). *See also Stephens v. Draffin,* 488 S.E.2d 307 (S.C. 1997). As noted by the Magistrate Judge, Plaintiff has provided no support for his theory that the statute of limitations accrues on any date other than the date of termination with respect to his claim for workers' compensation retaliation. He contends that he had no damages, or merely nominal ones, prior to his release to work; however, as noted by

3

Defendant, the workers' compensation retaliation statute provides for reinstatement as a remedy.  S.C. Code Ann. § 41-1-80.  Therefore, there does not appear to be any reason Plaintiff could not have filed suit until he was released to work.  Accordingly, these objections are overruled.[1]

As to Plaintiff's position that consideration of the statute of limitations is premature and he should be given an opportunity to conduct discovery and raise equitable tolling, the Court finds that Plaintiff has provided no argument that equitable tolling is applicable here.  Plaintiff's vague references to equitable tolling and the fact that he contends these arguments are properly considered at a later procedural posture does not operate to forestall the dismissal of this case.  It is undisputed that Plaintiff was terminated from his employment on May 8, 2023, and that his complaint was filed in state court on July 23, 2024.  ECF Nos. 1-1, 1-3.  Accordingly, the Court finds that this action is untimely.  *See* S.C. Code Ann. § 41-1-80.

---

[1] With respect to Plaintiff's argument that the Magistrate Judge relied upon distinguishable caselaw, the Court disagrees.  Plaintiff argues that *Miller* should not be considered because "Plaintiff did not allege nor argue for accrual of her cause of action or damages at a later date within the statute of limitations [and because it] relies on the dismissal of a case with a pro se Plaintiff that did not have facts or arguments similar to the instant case." ECF No. 13 at 5.  Regardless of whether the motion was opposed, the party was pro se, or the arguments were similar, Plaintiff has failed to establish that Judge Anderson's recitation of the relevant law is inapplicable to this case.

## **CONCLUSION**

Based on the foregoing and upon de novo review of the record, the applicable law, and the Report, the Court adopts the recommendation of the Magistrate Judge. Defendants' motion to dismiss [6] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

July 1, 2025<br>
Spartanburg, South Carolina